

UNITED STATES DISTRICT COURT

FILED
IN CLERKS OFFICE

FOR THE DISTRICT OF MASSACHUSETTS

04   10158

2004 JAN 22  P 1: 53

U.S. DISTRICT COURT
DISTRICT OF MASS.

```
ROBERT OLAFSON and        )
PATRICIA OLAFSON          )
                          )        CIVIL ACTION NO.
v.                        )
         MAGISTRATE JUDGE COHEN
                          )
KYLE E. BYRNE, an Entity identified )
in part as BFI, and MARGARET HAMILL )
                          )
```

150 53357

1-23-04

## COMPLAINT

## AND JURY DEMAND

### INTRODUCTORY STATEMENT

This case arises out of an event on October 14, 2002, in which a motor vehicle driven by

the defendant, Kyle E. Byrne, an employee of the defendant which is identified herein as BFI,

negligently struck a motor vehicle occupied by the plaintiffs, Robert Olafson and Patricia

Olafson. A third vehicle driven by the defendant, Margaret Hamill, was also a substantial cause

of the accident. The plaintiffs suffered serious bodily injuries and seek damages as a result of the

defendants' actions.

### PARTIES

1.    The plaintiffs, Robert Olafson and Patricia Olafson ("Olafsons"), are husband and

wife and reside at 13448 Redberry Circle, Plainfield, Illinois.

2.    The defendant Kyle E. Byrne ("Byrne") resides at 90 Massasoit Avenue, Oak Bluffs,

Massachusetts. He was the driver of the motor vehicle that struck the vehicle occupied by the

Olafsons on October 14, 2002.

1

3.    Another defendant has not yet been fully identified, but is a corporation which is believed to have "BFI" in its name ("BFI"). The exact name will be identified through discovery in this case. BFI has a place of business in Dukes County, Massachusetts. On information and belief, BFI has neither its principal place of business nor is it incorporated in Illinois. As of October 14, 2002, Byrne was an employee of BFI, and at the time of the accident, Byrne was driving the motor vehicle, a garbage truck, in furtherance of that employment.

4.    The defendant Margaret Hamill ("Hamill") resides at 368 Branch Road, Roxbury, New Hampshire.

JURISDICTION AND VENUE

5.    The jurisdiction of this Court is based upon the diversity of citizenship of the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court has original jurisdiction of this action under the provisions of 28 U.S.C. §1332. The plaintiffs are citizens of Illinois and the defendants are all citizens of states other than Illinois. Venue is proper pursuant to 28 U.S.C. §1391(a), for the reasons that the motor vehicle accident, from which this case arises, occurred in Massachusetts and at least one of the defendants resides in Massachusetts.

FACTUAL BACKGROUND

6.    On October 14, 2002, the plaintiffs were the occupants of a motor vehicle driven by Robert Olafson proceeding in a westerly direction on West Tisbury Road on Martha's Vineyard, Massachusetts.

7.    At that time and place, a garbage truck operated by the defendant Byrne, and in the service of the defendant BFI, was proceeding behind the Olafson vehicle. The motor vehicle

2

driven by Byrne was tailgating the Olafson vehicle.

8.    At that same time, a motor vehicle driven by the defendant Hamill was proceeding on Barnes Road, toward the intersection with West Tisbury Road. The vehicle driven by Hamill proceeded to go through a Stop sign located at the intersection of Barnes Road and West Tisbury Road and commenced to proceed into the intersection.

9.    Robert Olafson observed the vehicle driven by Hamill proceed through the Stop sign and reacted appropriately to that vehicle, slowing his vehicle and positioning his vehicle so as to avoid any contact with Hamill's vehicle.

10.    Because Byrne was tailgating the Olafsons, he was unable to avoid the Olafson vehicle and struck the Olafson vehicle in the rear. The Olafson vehicle was struck with great force.

11.    A police officer of the Edgartown Police Department investigated the accident and issued the defendant Byrne a written Warning at the scene for following the Olafson vehicle too closely.

12.    As a result of the impact, the plaintiff, Robert Olafson, suffered serious physical injuries that required him to obtain substantial medical care and treatment. In addition, he experienced substantial pain and suffering. Further, he suffered an impairment of his earning capacity.

13.    As a result of the impact, the plaintiff, Patricia Olafson, suffered serious physical injuries that required her to obtain substantial medical care and treatment. In addition, she experienced substantial pain and suffering. Further, she suffered an impairment of her earning capacity.

14.    Byrne, BFI and Hamill are joint tortfeasors, and all are liable, in full, for the injuries and losses suffered by the plaintiffs.

## COUNT I

### ROBERT OLAFSON v. KYLE E. BYRNE

#### Negligence

15.    The preceding allegations of this Complaint are incorporated herein.

16.    The defendant Byrne so negligently operated his motor vehicle so as to cause it to strike the motor vehicle occupied by Robert Olafson.

17.    As a result of the negligence of the defendant Byrne, the plaintiff, Robert Olafson, sustained injuries of body and mind, incurred expenses for medical care and attendance, suffered a loss of earning capacity and otherwise suffered damages.

WHEREFORE, the plaintiff, Robert Olafson, demands judgment against the defendant, Kyle E. Byrne, in an amount to be ascertained and established, together with interest and costs of this action.

## COUNT II

### ROBERT OLAFSON v. BFI

#### Agency / Respondent Superior

18.    The preceding allegations of this Complaint are incorporated herein.

19.    At the time the motor vehicle operated by the defendant Byrne struck the motor vehicle occupied by the plaintiff, Robert Olafson, Byrne was acting as the employee, agent and/or servant of the defendant BFI.

20.    As a result of the negligence of the defendant Byrne, who was operating a motor

4

vehicle in the service of BFI and as its employee, agent and/or servant, the plaintiff, Robert

Olafson, sustained injuries of body and mind, incurred expenses for medical care and attendance,

suffered a loss of earning capacity, and otherwise suffered damages.·

WHEREFORE, the plaintiff, Robert Olafson, demands judgment be entered against the

defendant BFI in an amount to be ascertained and established, together with interest and costs of

this action.

COUNT III

PATRICIA OLAFSON v. KYLE E. BYRNE

Negligence

21.    The preceding allegations of this Complaint are incorporated herein.

22.    The defendant Byrne so negligently operated his motor vehicle so as to cause it to

strike the motor vehicle occupied by Patricia Olafson.

23.    As a result of the negligence of the defendant Byrne, the plaintiff, Patricia Olafson,

sustained injuries of body and mind, incurred expenses for medical care and attendance, suffered

a loss of earning capacity and otherwise suffered damages.

WHEREFORE, the plaintiff, Patricia Olafson, demands judgment against the defendant,

Kyle E. Byrne, in an amount to be ascertained and established, together with interest and costs of

this action.

COUNT IV

PATRICIA OLAFSON v. BFI

Agency / Respondent Superior

24.    The preceding allegations of this Complaint are incorporated herein.

5

25.    At the time the motor vehicle operated by the defendant Byrne struck the motor vehicle occupied by the plaintiff, Patricia Olafson, Byrne was acting as the employee, agent and/or servant of the defendant BFI.

26.    As a result of the negligence of the defendant Byrne, who was operating a motor vehicle in the service of BFI and as its employee, agent and/or servant, the plaintiff, Patricia Olafson, sustained injuries of body and mind, incurred expenses for medical care and attendance, suffered a loss of earning capacity, and otherwise suffered damages.

WHEREFORE, the plaintiff, Patricia Olafson, demands judgment be entered against the defendant BFI in an amount to be ascertained and established, together with interest and costs of this action.

COUNT V

ROBERT OLAFSON v. MARGARET HAMILL

Negligence

27.    The preceding allegations of this Complaint are incorporated herein.

28.    The defendant Hamill so negligently operated her motor vehicle so as to be a substantial cause of the motor vehicle collision injuring Robert Olafson.

29.    As a result of the negligence of the defendant Hamill, the plaintiff, Robert Olafson, sustained injuries of body and mind, incurred expenses for medical care and attendance, suffered a loss of earning capacity and otherwise suffered damages.

WHEREFORE, the plaintiff, Robert Olafson, demands judgment against the defendant, Margaret Hamill,  in an amount to be ascertained and established, together with interest and costs of this action.

6

COUNT VI

PATRICIA OLAFSON v. MARGARET HAMILL

Negligence

30.    The preceding allegations of this Complaint are incorporated herein.

31.    The defendant Hamill so negligently operated her motor vehicle so as to be a substantial cause of the motor vehicle collision injuring Patricia Olafson.

32.    As a result of the negligence of the defendant Hamill, the plaintiff, Patricia Olafson, sustained injuries of body and mind, incurred expenses for medical care and attendance, suffered a loss of earning capacity and otherwise suffered damages.

WHEREFORE, the plaintiff, Patricia Olafson, demands judgment against the defendant, Margaret Hamill,  in an amount to be ascertained and established, together with interest and costs of this action.

COUNT VII

ROBERT OLAFSON v. KYLE E. BYRNE

Consortium

33.    The preceding allegations of this Complaint are incorporated herein.

34.    Robert Olafson is the spouse of Patricia Olafson and the person entitled by law to the care, comfort, services and consortium of Patricia Olafson.

35.    As a result of the negligence of the defendant Byrne, the plaintiff, Robert Olafson, sustained the loss of the care, comfort, services and consortium of his spouse, Patricia Olafson.

WHEREFORE, the plaintiff, Robert Olfason, demands judgment be entered against the defendant, Kyle E. Byrne, in an amount to be ascertained and established, together with interest

7

and costs of this action.

## COUNT VIII

### ROBERT OLAFSON v. BFI

#### Consortium

36.    The preceding allegations of this Complaint are incorporated herein.

37.    Robert Olafson is the spouse of Patricia Olafson and the person entitled by law to the care, comfort, services and consortium of Patricia Olafson.

38.    As a result of the negligence of the defendant BFI's agent, servant and/or employee, the plaintiff, Robert Olafson, sustained the loss of the care, comfort, services and consortium of his spouse, Patricia Olafson.

WHEREFORE, the plaintiff, Robert Olfason, demands judgment be entered against the defendant BFI in an amount to be ascertained and established, together with interest and costs of this action.

## COUNT IX

### ROBERT OLAFSON v. MARGARET HAMILL

#### Consortium

39.    The preceding allegations of this Complaint are incorporated herein.

40.    Robert Olafson is the spouse of Patricia Olafson and the person entitled by law to the care, comfort, services and consortium of Patricia Olafson.

41.    As a result of the negligence of the defendant Hamill, the plaintiff, Robert Olafson, sustained the loss of the care, comfort, services and consortium of his spouse, Patricia Olafson.

WHEREFORE, the plaintiff, Robert Olfason, demands judgment be entered against the

8

defendant, Margaret Hamill, in an amount to be ascertained and established, together with interest and costs of this action.

COUNT X

PATRICIA OLAFSON v. KYLE E. BYRNE

Consortium

42.    The preceding allegations of this Complaint are incorporated herein.

43.    Patricia Olafson is the spouse of Robert Olafson and the person entitled by law to the care, comfort, services and consortium of Robert Olafson.

44.    As a result of the negligence of the defendant Byrne, the plaintiff, Patricia Olafson, sustained the loss of the care, comfort, services and consortium of her spouse, Robert Olafson.

WHEREFORE, the plaintiff, Patricia Olfason, demands judgment be entered against the defendant, Kyle E. Byrne, in an amount to be ascertained and established, together with interest and costs of this action.

COUNT XI

PATRICIA OLAFSON v. BFI

Consortium

45.    The preceding allegations of this Complaint are incorporated herein.

46.    Patricia Olafson is the spouse of Robert Olafson and the person entitled by law to the care, comfort, services and consortium of Robert Olafson.

47.    As a result of the negligence of the defendant BFI's agent, servant and/or employee, the plaintiff, Patricia Olafson, sustained the loss of the care, comfort, services and consortium of her spouse, Robert Olafson.

9

WHEREFORE, the plaintiff, Patricia Olafson, demands judgment be entered against the defendant BFI in an amount to be ascertained and established, together with interest and costs of this action.

### COUNT XII

### PATRICIA OLAFSON v. MARGARET HAMILL

#### Consortium

48.    The preceding allegations of this Complaint are incorporated herein.

49.    Patricia Olafson is the spouse of Robert Olafson and the person entitled by law to the care, comfort, services and consortium of Robert Olafson.

50.    As a result of the negligence of the defendant Hamill, the plaintiff, Patricia Olafson, sustained the loss of the care, comfort, services and consortium of her spouse, Robert Olafson.

WHEREFORE, the plaintiff, Patricia Olafson, demands judgment be entered against the defendant, Margaret Hamill,  in an amount to be ascertained and established, together with interest and costs of this action.

ROBERT OLAFSON and PATRICIA OLAFSON
By their attorney,

John C. Ottenberg, Esq.  (BBO #380955)
Ottenberg & Dunkless LLP
101 Arch Street
Boston, MA  02110
617-342-8600

Dated:  January 21, 2004

*THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES.*

C:\Gateway\WPfiles\WPFILES\Olafson\Complaint.wpd

10