*The Commonwealth of Massachusetts*

*Registry of Motor Vehicles*

*One Copley Place, Boston 02116*

Kimberly Hinden
*Registrar*

Mail:
P.O. Box 199100
Boston, MA 02119-9100
www.ma.gov/rmv

April 13, 2004

John C. Ottenberg, Esq.
Ottenberg & Dunkless LLP
101 Arch Street
Boston, MA  02110

RE:  ROBERT OLAFSON and PATRICIA OLAFSON VS. KYLE E. BYRNE, an entity
identified in part as BFI, and MARGARET HAMILL.
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MASSACHUSETTS, CIVIL ACTION NO# 04 10158MLW.

Dear Atty. Ottenberg:

The attached process has been served on the defendant pursuant to the provisions
of M.G.L. c. 90 §3D. Below please find the executed affidavit set forth in §3D, which by
law serves as prima facie evidence of service upon that party.

## AFFIDAVIT

This hereby certifies that the attached process served upon the Registrar of Motor
Vehicles was forwarded by mail April 13, 2004, postage prepaid, to Kyle E. Byrne at the
last address appearing in the Registrar's records. This is in accordance with the
provisions of M.G.L. c. 90, §3D.

Signed under the pains and penalties of perjury on April 13, 2004.

Signed: _Kathleen Munson_
/Kathleen Munson, Keeper of the Records

ba

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of   Massachusetts

ROBERT OLAFSON, ET. AL.

V.

KYLE E. BYRNE, ET. AL.

**SUMMONS IN A CIVIL ACTION**

04 10158 MLW

CASE NUMBER:

TO: (Name and address of Defendant)   Kyle E. Byrne
90 Massasoit Avenue
Oak Bluffs, MA

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

John C. Ottenberg
101 Arch Street
Boston, MA 02110

APR 0 8 2004

an answer to the complaint which is served on you with this summons, within _____twenty_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.



TONY ANASTAS

CLERK

(By) DEPUTY CLERK

JAN 23 2004

DATE

APR 12

True copy Attest

Deputy Sheriff Suffolk County

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT OLAFSON and<br>PATRICIA OLAFSON<br><br>v.<br><br>KYLE E. BYRNE, an Entity identified<br>in part as BFI, and MARGARET HAMILL | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO. 04-10158 MLW

## COMPLAINT

## AND JURY DEMAND

### INTRODUCTORY STATEMENT

This case arises out of an event on October 14, 2002, in which a motor vehicle driven by

the defendant, Kyle E. Byrne, an employee of the defendant which is identified herein as BFI,

negligently struck a motor vehicle occupied by the plaintiffs, Robert Olafson and Patricia

Olafson. A third vehicle driven by the defendant, Margaret Hamill, was also a substantial cause

of the accident. The plaintiffs suffered serious bodily injuries and seek damages as a result of the

defendants' actions.

### PARTIES

1.    The plaintiffs, Robert Olafson and Patricia Olafson ("Olafsons"), are husband and

wife and reside at 13448 Redberry Circle, Plainfield, Illinois.

2.    The defendant Kyle E. Byrne ("Byrne") resides at 90 Massasoit Avenue, Oak Bluffs,

Massachusetts. He was the driver of the motor vehicle that struck the vehicle occupied by the

Olafsons on October 14, 2002.

1

3.    Another defendant has not yet been fully identified, but is a corporation which is believed to have "BFI" in its name ("BFI"). The exact name will be identified through discovery in this case. BFI has a place of business in Dukes County, Massachusetts. On information and belief, BFI has neither its principal place of business nor is it incorporated in Illinois. As of October 14, 2002, Byrne was an employee of BFI, and at the time of the accident, Byrne was driving the motor vehicle, a garbage truck, in furtherance of that employment.

4.    The defendant Margaret Hamill ("Hamill") resides at 368 Branch Road, Roxbury, New Hampshire.

## JURISDICTION AND VENUE

5.    The jurisdiction of this Court is based upon the diversity of citizenship of the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court has original jurisdiction of this action under the provisions of 28 U.S.C. §1332. The plaintiffs are citizens of Illinois and the defendants are all citizens of states other than Illinois. Venue is proper pursuant to 28 U.S.C. §1391(a), for the reasons that the motor vehicle accident, from which this case arises, occurred in Massachusetts and at least one of the defendants resides in Massachusetts.

## FACTUAL BACKGROUND

6.    On October 14, 2002, the plaintiffs were the occupants of a motor vehicle driven by Robert Olafson proceeding in a westerly direction on West Tisbury Road on Martha's Vineyard, Massachusetts.

7.    At that time and place, a garbage truck operated by the defendant Byrne, and in the service of the defendant BFI, was proceeding behind the Olafson vehicle. The motor vehicle

2

driven by Byrne was tailgating the Olafson vehicle.

8.    At that same time, a motor vehicle driven by the defendant Hamill was proceeding on Barnes Road, toward the intersection with West Tisbury Road. The vehicle driven by Hamill proceeded to go through a Stop sign located at the intersection of Barnes Road and West Tisbury Road and commenced to proceed into the intersection.

9.    Robert Olafson observed the vehicle driven by Hamill proceed through the Stop sign and reacted appropriately to that vehicle, slowing his vehicle and positioning his vehicle so as to avoid any contact with Hamill's vehicle.

10.    Because Byrne was tailgating the Olafsons, he was unable to avoid the Olafson vehicle and struck the Olafson vehicle in the rear. The Olafson vehicle was struck with great force.

11.    A police officer of the Edgartown Police Department investigated the accident and issued the defendant Byrne a written Warning at the scene for following the Olafson vehicle too closely.

12.    As a result of the impact, the plaintiff, Robert Olafson, suffered serious physical injuries that required him to obtain substantial medical care and treatment. In addition, he experienced substantial pain and suffering. Further, he suffered an impairment of his earning capacity.

13.    As a result of the impact, the plaintiff, Patricia Olafson, suffered serious physical injuries that required her to obtain substantial medical care and treatment. In addition, she experienced substantial pain and suffering. Further, she suffered an impairment of her earning capacity.

14.    Byrne, BFI and Hamill are joint tortfeasors, and all are liable, in full, for the injuries and losses suffered by the plaintiffs.

## COUNT I

### ROBERT OLAFSON v. KYLE E. BYRNE

### Negligence

15.    The preceding allegations of this Complaint are incorporated herein.

16.    The defendant Byrne so negligently operated his motor vehicle so as to cause it to strike the motor vehicle occupied by Robert Olafson.

17.    As a result of the negligence of the defendant Byrne, the plaintiff, Robert Olafson, sustained injuries of body and mind, incurred expenses for medical care and attendance, suffered a loss of earning capacity and otherwise suffered damages.

WHEREFORE, the plaintiff, Robert Olafson, demands judgment against the defendant, Kyle E. Byrne, in an amount to be ascertained and established, together with interest and costs of this action.

## COUNT II

### ROBERT OLAFSON v. BFI

### Agency / Respondent Superior

18.    The preceding allegations of this Complaint are incorporated herein.

19.    At the time the motor vehicle operated by the defendant Byrne struck the motor vehicle occupied by the plaintiff, Robert Olafson, Byrne was acting as the employee, agent and/or servant of the defendant BFI.

20.    As a result of the negligence of the defendant Byrne, who was operating a motor

4

vehicle in the service of BFI and as its employee, agent and/or servant, the plaintiff, Robert

Olafson, sustained injuries of body and mind, incurred expenses for medical care and attendance,

suffered a loss of earning capacity, and otherwise suffered damages.·

WHEREFORE, the plaintiff, Robert Olafson, demands judgment be entered against the

defendant BFI in an amount to be ascertained and established, together with interest and costs of

this action.

COUNT III

PATRICIA OLAFSON v. KYLE E. BYRNE

Negligence

21.    The preceding allegations of this Complaint are incorporated herein.

22.    The defendant Byrne so negligently operated his motor vehicle so as to cause it to

strike the motor vehicle occupied by Patricia Olafson.

23.    As a result of the negligence of the defendant Byrne, the plaintiff, Patricia Olafson,

sustained injuries of body and mind, incurred expenses for medical care and attendance, suffered

a loss of earning capacity and otherwise suffered damages.

WHEREFORE, the plaintiff, Patricia Olafson, demands judgment against the defendant,

Kyle E. Byrne, in an amount to be ascertained and established, together with interest and costs of

this action.

COUNT IV

PATRICIA OLAFSON v. BFI

Agency / Respondent Superior

24.    The preceding allegations of this Complaint are incorporated herein.

5

25.    At the time the motor vehicle operated by the defendant Byrne struck the motor vehicle occupied by the plaintiff, Patricia Olafson, Byrne was acting as the employee, agent and/or servant of the defendant BFI.

26.    As a result of the negligence of the defendant Byrne, who was operating a motor vehicle in the service of BFI and as its employee, agent and/or servant, the plaintiff, Patricia Olafson, sustained injuries of body and mind, incurred expenses for medical care and attendance, suffered a loss of earning capacity, and otherwise suffered damages.

WHEREFORE, the plaintiff, Patricia Olafson, demands judgment be entered against the defendant BFI in an amount to be ascertained and established, together with interest and costs of this action.

COUNT V

ROBERT OLAFSON v. MARGARET HAMILL

Negligence

27.    The preceding allegations of this Complaint are incorporated herein.

28.    The defendant Hamill so negligently operated her motor vehicle so as to be a substantial cause of the motor vehicle collision injuring Robert Olafson.

29.    As a result of the negligence of the defendant Hamill, the plaintiff, Robert Olafson, sustained injuries of body and mind, incurred expenses for medical care and attendance, suffered a loss of earning capacity and otherwise suffered damages.

WHEREFORE, the plaintiff, Robert Olafson, demands judgment against the defendant, Margaret Hamill, in an amount to be ascertained and established, together with interest and costs of this action.

6

## COUNT VI

### PATRICIA OLAFSON v. MARGARET HAMILL

#### Negligence

30.    The preceding allegations of this Complaint are incorporated herein.

31.    The defendant Hamill so negligently operated her motor vehicle so as to be a substantial cause of the motor vehicle collision injuring Patricia Olafson.

32.    As a result of the negligence of the defendant Hamill, the plaintiff, Patricia Olafson, sustained injuries of body and mind, incurred expenses for medical care and attendance, suffered a loss of earning capacity and otherwise suffered damages.

WHEREFORE, the plaintiff, Patricia Olafson, demands judgment against the defendant, Margaret Hamill, in an amount to be ascertained and established, together with interest and costs of this action.

## COUNT VII

### ROBERT OLAFSON v. KYLE E. BYRNE

#### Consortium

33.    The preceding allegations of this Complaint are incorporated herein.

34.    Robert Olafson is the spouse of Patricia Olafson and the person entitled by law to the care, comfort, services and consortium of Patricia Olafson.

35.    As a result of the negligence of the defendant Byrne, the plaintiff, Robert Olafson, sustained the loss of the care, comfort, services and consortium of his spouse, Patricia Olafson.

WHEREFORE, the plaintiff, Robert Olfason, demands judgment be entered against the defendant, Kyle E. Byrne, in an amount to be ascertained and established, together with interest

and costs of this action.

## COUNT VIII

### ROBERT OLAFSON v. BFI

### Consortium

36.    The preceding allegations of this Complaint are incorporated herein.

37.    Robert Olafson is the spouse of Patricia Olafson and the person entitled by law to the care, comfort, services and consortium of Patricia Olafson.

38.    As a result of the negligence of the defendant BFI's agent, servant and/or employee, the plaintiff, Robert Olafson, sustained the loss of the care, comfort, services and consortium of his spouse, Patricia Olafson.

WHEREFORE, the plaintiff, Robert Olfason, demands judgment be entered against the defendant BFI in an amount to be ascertained and established, together with interest and costs of this action.

## COUNT IX

### ROBERT OLAFSON v. MARGARET HAMILL

### Consortium

39.    The preceding allegations of this Complaint are incorporated herein.

40.    Robert Olafson is the spouse of Patricia Olafson and the person entitled by law to the care, comfort, services and consortium of Patricia Olafson.

41.    As a result of the negligence of the defendant Hamill, the plaintiff, Robert Olafson, sustained the loss of the care, comfort, services and consortium of his spouse, Patricia Olafson.

WHEREFORE, the plaintiff, Robert Olfason, demands judgment be entered against the

defendant, Margaret Hamill, in an amount to be ascertained and established, together with interest and costs of this action.

## COUNT X

### PATRICIA OLAFSON v. KYLE E. BYRNE

#### Consortium

42.    The preceding allegations of this Complaint are incorporated herein.

43.    Patricia Olafson is the spouse of Robert Olafson and the person entitled by law to the care, comfort, services and consortium of Robert Olafson.

44.    As a result of the negligence of the defendant Byrne, the plaintiff, Patricia Olafson, sustained the loss of the care, comfort, services and consortium of her spouse, Robert Olafson.

WHEREFORE, the plaintiff, Patricia Olfason, demands judgment be entered against the defendant, Kyle E. Byrne, in an amount to be ascertained and established, together with interest and costs of this action.

## COUNT XI

### PATRICIA OLAFSON v. BFI

#### Consortium

45.    The preceding allegations of this Complaint are incorporated herein.

46.    Patricia Olafson is the spouse of Robert Olafson and the person entitled by law to the care, comfort, services and consortium of Robert Olafson.

47.    As a result of the negligence of the defendant BFI's agent, servant and/or employee, the plaintiff, Patricia Olafson, sustained the loss of the care, comfort, services and consortium of her spouse, Robert Olafson.

9

WHEREFORE, the plaintiff, Patricia Olafson, demands judgment be entered against the defendant BFI in an amount to be ascertained and established, together with interest and costs of this action.

## COUNT XII

### PATRICIA OLAFSON v. MARGARET HAMILL

#### Consortium

48.    The preceding allegations of this Complaint are incorporated herein.

49.    Patricia Olafson is the spouse of Robert Olafson and the person entitled by law to the care, comfort, services and consortium of Robert Olafson.

50.    As a result of the negligence of the defendant Hamill, the plaintiff, Patricia Olafson, sustained the loss of the care, comfort, services and consortium of her spouse, Robert Olafson.

WHEREFORE, the plaintiff, Patricia Olafson, demands judgment be entered against the defendant, Margaret Hamill,  in an amount to be ascertained and established, together with interest and costs of this action.

                                    ROBERT OLAFSON and PATRICIA OLAFSON
                                    By their attorney,


                                    John C. Ottenberg, Esq.  (BBO #380955)
                                    Ottenberg & Dunkless LLP
                                    101 Arch Street
                                    Boston, MA   02110
                                    617-342-8600

Dated:   January 21, 2004

#### THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES.

C:\Gateway\WPfiles\WPFILES\Olafson\Complaint.wpd

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)** Robert Olafson, et al. v.

   Kyle E. Byrne, et al.

2. **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).**

   ___    I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___    II.    195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
                 740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   350    III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891.

   ___    IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                 690, 810, 861-865, 870, 871, 875, 900.

   ___    V.     150, 152, 153.

3. **TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).**

   None

4. **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?**
   No

5. **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?** No
   **IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403)** _____

6. **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?** No

7. **DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES** No ___**OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES** No

8. **DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES** No **(a)      IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?** _____

9. **IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?** Eastern

10. **IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION** _____ **_____ OR WESTERN SECTION** _____

**(PLEASE TYPE OR PRINT)**
**ATTORNEY'S NAME** John C. Ottenberg, Esq.

**ADDRESS** Ottenberg & Dunkless LLP, 101 Arch Street, Boston, MA  02110

**TELEPHONE NO.** 617-342-8600

(Category.frm - 09/92)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Robert Olafson and Patricia Olafson

## DEFENDANTS

Kyle E. Byrne, an entity identified in part as BFI, and Margaret Hamill

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___ Dukes ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

John C. Ottenberg, Esq.  (617) 342-8600
Ottenberg & Dunkless LLP
101 Arch Street, Boston, MA  02110

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
    Plaintiff

☐ 3 Federal Question
    (U.S. Government Not a Party)

☐ 2 U.S. Government
    Defendant

☒ 4 Diversity
    (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury – Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☒ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | |
| | | ☐ 550 Civil Rights | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Motor vehicle accident case. Diversity action, see 28 U.S.C. Section 1332.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ in excess of $75,000

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE  1/21/04

SIGNATURE OF ATTORNEY OF RECORD  *John C. Ottenberg* (signature)

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

The appointment of the Registrar as an agent for service of process under this section is irrevocable, and does not terminate with the death of a principal, since the agency is created for the benefit of third persons.[22]

In general, operation of a rental vehicle or trailer in the Commonwealth does not generally permit service on the non-resident rental company or person owning the vehicle, in the absence of an agency relationship, and thus service on the owner cannot be accomplished under Section 3A.[23]

So, too, where a non-resident defendant purchased an automobile, registered it at his home and furnished it to his daughter, a resident of Massachusetts, solely for her social or personal purposes, if the daughter at the time of the accident in Massachusetts, was not operating the vehicle for purposes of the defendant, service upon the defendant is not available under M.G.L.A. c. 90, § 3A, and the provisions of M.G.L.A. c. 231, § 85A and B, regarding prima facie evidence of agency, which are procedural statutes only, do not serve to extend the scope of the provisions of M.G.L.A. c. 90 regarding service upon non-residents.[24]

**Library References:**

C.J.S. Motor Vehicles § 501, 502(1).
West's Key No. Digests, Automobiles ⊕235.

## § 26.4  Service on Licensed Resident Motorist or By Registration in the Commonwealth

M.G.L.A. c. 90, § 3D provides that a resident motorist who applies for or is issued a license or registration by the Commonwealth is deemed to have appointed Registrar of Motor Vehicles as his attorney for service of process in suits arising out of use of the highways.

The statute provides that "[s]ervice of such process shall be made by leaving duplicate copies thereof with a fee ... in the hands of the Registrar, or in his office, and the Registrar shall forthwith send one of said copies by mail, postage prepaid, addressed to the defendant at his last address as appearing on the Registrar's records; and an affidavit of the Registrar, or of any person authorized by him to send such copy, that such copy has been so mailed shall be prima facie evidence thereof. One of the duplicates of such process, certified by the Registrar as having been served upon him, shall be sufficient evidence of service upon him."

One must comply with the statutory provisions to ensure notice, however, in particular by obtaining an affidavit from the Registrar certifying that a copy of the process has been mailed to the appropriate

**22.** Toczko v. Armentano, 341 Mass. 474, 170 N.E.2d 703 (1960).

**23.** Gately v. U–Haul Co., 350 Mass. 483, 215 N.E.2d 743 (1966).

**24.** Segal v. Yates, 356 Mass. 449, 253 N.E.2d 841 (1969).

party sought to be served. Dismissal is generally required for failure to serve where no affidavit of compliance is filed.[1]

Jurisdiction over a defendant has been upheld based on timely service on Registrar, even though Registrar did not mail a copy of process to defendant until one month later.[2] The statute makes accommodation for delays in notice by mandating that a defendant must be afforded a reasonable opportunity to defend.[3]

The purpose of making the Registrar an agent for service of process on a resident motorist or his legal representative is to relieve plaintiffs of the burden of searching for a defendant beyond the address disclosed in Registry records.[4] This is in keeping with the mandate that every person who holds a driver's license, permit or registration must report any change of his name, residential address or mailing address in writing to the Registrar within thirty days after the date on which such change was made.[5] There is no prerequisite that a person first attempt to obtain personal service over a defendant before proceeding under this statute.[6]

**Library References:**

C.J.S. Motor Vehicles § 501, 502(1).
West's Key No. Digests, Automobiles ⊜235.

## § 26.5  Venue

Venue pertains to the correct geographical location within the Commonwealth where a case must be brought, and insofar as it does not pertain to jurisdiction but is procedural, venue may be waived.[1] Venue of so-called transitory actions are governed by M.G.L.A. c. 223, § 1 (Superior Court)[2] and § 2 (District Court).

A court may, in its discretion, dismiss a case based on the doctrine of *forum non conveniens*, but must proceed with caution. Appropriate considerations for deciding a motion to dismiss based on *forum non conveniens* include access to sources of proof, availability of compulsory process, cost of securing the attendance of witnesses, and enforceability of a judgment, if one were obtained, indicated that the litigation could be conducted more conveniently in a Canadian forum.[3] Thus, where al

**§ 26.4**

**1.** Rososky v. Galligan, 1995 Mass.App. Div. 26, 1995 WL 91879 (1995).

**2.** Hardy v. Utica Mutual Insurance Co., 369 Mass. 696, 341 N.E.2d 651 (1976).

**3.** Touzin v. Smith, 6 Mass.App.Ct. 641, 381 N.E.2d 1313 (1978).

**4.** Touzin v. Smith, 6 Mass.App.Ct. 641, 381 N.E.2d 1313 (1978).

**5.** M.G.L.A. c. 90, § 26A.

**6.** Munn v. Treantofel, 40 Mass.App. Dec. 85 (1968).

**§ 26.5**

**1.** Paige v. Sinclair, 237 Mass. 482, 484, 130 N.E. 177, 179 (1921).

**2.** Equitable actions brought in the Superior Court are subject to the same rules of venue as a legal action. See M.G.L.A. c. 214, § 5.

**3.** Joly v. Albert Larocque Lumber Ltd., 397 Mass. 43, 44, 489 N.E.2d 698, 699 (1986). W.R. Grace & Co. v. Hartford Accident and Indemnity Co., 407 Mass. 572, 577–578, 555 N.E.2d 214, 217–218 (1990).

# OTTENBERG & DUNKLESS LLP

COUNSELLORS AT LAW
101 ARCH STREET, 9th FLOOR
BOSTON, MASSACHUSETTS 02110

**ROBERT C. DUNKLESS**
  dunkless@ottenbergdunkless.com

**JOHN C. OTTENBERG**
  ottenberg@ottenbergdunkless.com

PHONE (617) 342-8600
FAX   (617) 342-7525

April 20, 2004

Clerk of United States District Court, District of Massachusetts
United States Courthouse
One Courthouse Way
Boston, MA 01220

RE:    Robert Olafson, et.al.v. Margaret Hamill, et.al.
       U.S.D.C. Civil Action No. 04-10158 MLW

Dear Sir/ Madam:

       Enclosed please find an Affidavit of service of process as to the defendant Kyle Byrne
and for filing and docketing.

                                        Sincerely,

                                        John C. Ottenberg

cc: Bruce R. Fox, Esq.
278 Midstate Office Park
Auburn, MA 01501

C:\Gateway\WPfiles\WPFILES\Olafson\Letter to Clerk of US Corut41904.wpd