UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT OLAFSON and ) <br> PATRICIA OLAFSON ) <br> ) <br> v. ) <br> ) <br> KYLE E. BYRNE, an BFI WASTE ) <br> SERVICES OF MASSACHUSETTS, LLC, ) <br> and MARGARET HAMILL ) | CIVIL ACTION NO. 04 10158MLW |

## FIRST AMENDED COMPLAINT

## AND JURY DEMAND

### INTRODUCTORY STATEMENT

The plaintiffs, Robert Olafson and Patricia Olafson, submit this First Amended Complaint and Jury Demand pursuant to F.R.C.P. 15(a), in that not all defendants have filed an Answer or responsive pleading.

This case arises out of an event on October 14, 2002, in which a motor vehicle driven by the defendant, Kyle E. Byrne, believed to be an employee of BFI Waste Services of Massachusetts, LLC, negligently struck a motor vehicle occupied by the plaintiffs, Robert Olafson and Patricia Olafson. A third vehicle driven by the defendant, Margaret Hamill, was also a substantial cause of the accident. The plaintiffs suffered serious bodily injuries and seek damages as a result of the defendants' actions.

### PARTIES

1. The plaintiffs, Robert Olafson and Patricia Olafson ("Olafsons"), are husband and

wife and reside at 13448 Redberry Circle, Plainfield, Illinois.

2. The defendant Kyle E. Byrne ("Byrne") resides at 90 Massasoit Avenue, Oak Bluffs, Massachusetts. He was the driver of the motor vehicle that struck the vehicle occupied by the Olafsons on October 14, 2002.

3. The defendant BFI Waste Services of Massachusetts, LLC is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business at 385A Dunstable Road, Tyngsboro, and a subsidiary place of business in Oak Bluffs, Martha's Vineyard, Massachusetts. BFI has neither its principal place of business nor is it incorporated in Illinois. As of October 14, 2002, it is believed that Byrne was an employee of BFI, and at the time of the accident, Byrne was driving the motor vehicle, a garbage truck, in furtherance of that employment.

4. The defendant Margaret Hamill ("Hamill") resides at 368 Branch Road, Roxbury, New Hampshire.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is based upon the diversity of citizenship of the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court has original jurisdiction of this action under the provisions of 28 U.S.C. §1332. The plaintiffs are citizens of Illinois and the defendants are all citizens of states other than Illinois. Venue is proper pursuant to 28 U.S.C. §1391(a), for the reasons that the motor vehicle accident, from which this case arises, occurred in Massachusetts and at least one of the defendants resides in Massachusetts.

## FACTUAL BACKGROUND

6. On October 14, 2002, the plaintiffs were the occupants of a motor vehicle driven by Robert Olafson proceeding in a westerly direction on West Tisbury Road on Martha's Vineyard, Massachusetts.

7. At that time and place, a garbage truck operated by the defendant Byrne, and in the service of the defendant BFI, was proceeding behind the Olafson vehicle. The motor vehicle driven by Byrne was tailgating the Olafson vehicle.

8. At that same time, a motor vehicle driven by the defendant Hamill was proceeding on Barnes Road, toward the intersection with West Tisbury Road. The vehicle driven by Hamill proceeded to go through a Stop sign located at the intersection of Barnes Road and West Tisbury Road and commenced to proceed into the intersection.

9. Robert Olafson observed the vehicle driven by Hamill proceed through the Stop sign and reacted appropriately to that vehicle, slowing his vehicle and positioning his vehicle so as to avoid any contact with Hamill's vehicle.

10. Because Byrne was tailgating the Olafsons, he was unable to avoid the Olafson vehicle and struck the Olafson vehicle in the rear. The Olafson vehicle was struck with great force.

11. A police officer of the Edgartown Police Department investigated the accident and issued the defendant Byrne a written Warning at the scene for following the Olafson vehicle too closely.

12. As a result of the impact, the plaintiff, Robert Olafson, suffered serious physical injuries that required him to obtain substantial medical care and treatment. In addition, he experienced substantial pain and suffering. Further, he suffered an impairment of his earning

capacity.

13. As a result of the impact, the plaintiff, Patricia Olafson, suffered serious physical injuries that required her to obtain substantial medical care and treatment. In addition, she experienced substantial pain and suffering. Further, she suffered an impairment of her earning capacity.

14. Byrne, BFI and Hamill are joint tortfeasors, and all are liable, in full, for the injuries and losses suffered by the plaintiffs.

### COUNT I

### ROBERT OLAFSON v. KYLE E. BYRNE

#### Negligence

15. The preceding allegations of this Complaint are incorporated herein.

16. The defendant Byrne so negligently operated his motor vehicle so as to cause it to strike the motor vehicle occupied by Robert Olafson.

17. As a result of the negligence of the defendant Byrne, the plaintiff, Robert Olafson, sustained injuries of body and mind, incurred expenses for medical care and attendance, suffered a loss of earning capacity and otherwise suffered damages.

WHEREFORE, the plaintiff, Robert Olafson, demands judgment against the defendant, Kyle E. Byrne, in an amount to be ascertained and established, together with interest and costs of this action.

### COUNT II

### ROBERT OLAFSON v. BFI

#### Agency / Respondent Superior

18. The preceding allegations of this Complaint are incorporated herein.

19. At the time the motor vehicle operated by the defendant Byrne struck the motor vehicle occupied by the plaintiff, Robert Olafson, Byrne was acting as the employee, agent and/or servant of the defendant BFI.

20. As a result of the negligence of the defendant Byrne, who was operating a motor vehicle in the service of BFI and as its employee, agent and/or servant, the plaintiff, Robert Olafson, sustained injuries of body and mind, incurred expenses for medical care and attendance, suffered a loss of earning capacity, and otherwise suffered damages.

WHEREFORE, the plaintiff, Robert Olafson, demands judgment be entered against the defendant BFI in an amount to be ascertained and established, together with interest and costs of this action.

## COUNT III

### PATRICIA OLAFSON v. KYLE E. BYRNE

#### Negligence

21. The preceding allegations of this Complaint are incorporated herein.

22. The defendant Byrne so negligently operated his motor vehicle so as to cause it to strike the motor vehicle occupied by Patricia Olafson.

23. As a result of the negligence of the defendant Byrne, the plaintiff, Patricia Olafson, sustained injuries of body and mind, incurred expenses for medical care and attendance, suffered a loss of earning capacity and otherwise suffered damages.

WHEREFORE, the plaintiff, Patricia Olafson, demands judgment against the defendant, Kyle E. Byrne, in an amount to be ascertained and established, together with interest and costs of

this action.

## COUNT IV

### PATRICIA OLAFSON v. BFI

#### Agency / Respondent Superior

24. The preceding allegations of this Complaint are incorporated herein.

25. At the time the motor vehicle operated by the defendant Byrne struck the motor vehicle occupied by the plaintiff, Patricia Olafson, Byrne was acting as the employee, agent and/or servant of the defendant BFI.

26. As a result of the negligence of the defendant Byrne, who was operating a motor vehicle in the service of BFI and as its employee, agent and/or servant, the plaintiff, Patricia Olafson, sustained injuries of body and mind, incurred expenses for medical care and attendance, suffered a loss of earning capacity, and otherwise suffered damages.

WHEREFORE, the plaintiff, Patricia Olafson, demands judgment be entered against the defendant BFI in an amount to be ascertained and established, together with interest and costs of this action.

## COUNT V

### ROBERT OLAFSON v. MARGARET HAMILL

#### Negligence

27. The preceding allegations of this Complaint are incorporated herein.

28. The defendant Hamill so negligently operated her motor vehicle so as to be a substantial cause of the motor vehicle collision injuring Robert Olafson.

29. As a result of the negligence of the defendant Hamill, the plaintiff, Robert Olafson,

sustained injuries of body and mind, incurred expenses for medical care and attendance, suffered a loss of earning capacity and otherwise suffered damages.

WHEREFORE, the plaintiff, Robert Olafson, demands judgment against the defendant, Margaret Hamill, in an amount to be ascertained and established, together with interest and costs of this action.

### COUNT VI

### PATRICIA OLAFSON v. MARGARET HAMILL

#### Negligence

30. The preceding allegations of this Complaint are incorporated herein.

31. The defendant Hamill so negligently operated her motor vehicle so as to be a substantial cause of the motor vehicle collision injuring Patricia Olafson.

32. As a result of the negligence of the defendant Hamill, the plaintiff, Patricia Olafson, sustained injuries of body and mind, incurred expenses for medical care and attendance, suffered a loss of earning capacity and otherwise suffered damages.

WHEREFORE, the plaintiff, Patricia Olafson, demands judgment against the defendant, Margaret Hamill, in an amount to be ascertained and established, together with interest and costs of this action.

### COUNT VII

### ROBERT OLAFSON v. KYLE E. BYRNE

#### Consortium

33. The preceding allegations of this Complaint are incorporated herein.

34. Robert Olafson is the spouse of Patricia Olafson and the person entitled by law to

the care, comfort, services and consortium of Patricia Olafson.

35. As a result of the negligence of the defendant Byrne, the plaintiff, Robert Olafson, sustained the loss of the care, comfort, services and consortium of his spouse, Patricia Olafson.

WHEREFORE, the plaintiff, Robert Olfason, demands judgment be entered against the defendant, Kyle E. Byrne, in an amount to be ascertained and established, together with interest and costs of this action.

## COUNT VIII

### ROBERT OLAFSON v. BFI

#### Consortium

36. The preceding allegations of this Complaint are incorporated herein.

37. Robert Olafson is the spouse of Patricia Olafson and the person entitled by law to the care, comfort, services and consortium of Patricia Olafson.

38. As a result of the negligence of the defendant BFI's agent, servant and/or employee, the plaintiff, Robert Olafson, sustained the loss of the care, comfort, services and consortium of his spouse, Patricia Olafson.

WHEREFORE, the plaintiff, Robert Olfason, demands judgment be entered against the defendant BFI in an amount to be ascertained and established, together with interest and costs of this action.

## COUNT IX

### ROBERT OLAFSON v. MARGARET HAMILL

#### Consortium

39. The preceding allegations of this Complaint are incorporated herein.

40. Robert Olafson is the spouse of Patricia Olafson and the person entitled by law to the care, comfort, services and consortium of Patricia Olafson.

41. As a result of the negligence of the defendant Hamill, the plaintiff, Robert Olafson, sustained the loss of the care, comfort, services and consortium of his spouse, Patricia Olafson.

WHEREFORE, the plaintiff, Robert Olfason, demands judgment be entered against the defendant, Margaret Hamill, in an amount to be ascertained and established, together with interest and costs of this action.

## COUNT X

### PATRICIA OLAFSON v. KYLE E. BYRNE

#### Consortium

42. The preceding allegations of this Complaint are incorporated herein.

43. Patricia Olafson is the spouse of Robert Olafson and the person entitled by law to the care, comfort, services and consortium of Robert Olafson.

44. As a result of the negligence of the defendant Byrne, the plaintiff, Patricia Olafson, sustained the loss of the care, comfort, services and consortium of her spouse, Robert Olafson.

WHEREFORE, the plaintiff, Patricia Olfason, demands judgment be entered against the defendant, Kyle E. Byrne, in an amount to be ascertained and established, together with interest and costs of this action.

## COUNT XI

### PATRICIA OLAFSON v. BFI

#### Consortium

45. The preceding allegations of this Complaint are incorporated herein.

46. Patricia Olafson is the spouse of Robert Olafson and the person entitled by law to the care, comfort, services and consortium of Robert Olafson.

47. As a result of the negligence of the defendant BFI's agent, servant and/or employee, the plaintiff, Patricia Olafson, sustained the loss of the care, comfort, services and consortium of her spouse, Robert Olafson.

WHEREFORE, the plaintiff, Patricia Olafson, demands judgment be entered against the defendant BFI in an amount to be ascertained and established, together with interest and costs of this action.

## COUNT XII

### PATRICIA OLAFSON v. MARGARET HAMILL

#### Consortium

48. The preceding allegations of this Complaint are incorporated herein.

49. Patricia Olafson is the spouse of Robert Olafson and the person entitled by law to the care, comfort, services and consortium of Robert Olafson.

50. As a result of the negligence of the defendant Hamill, the plaintiff, Patricia Olafson, sustained the loss of the care, comfort, services and consortium of her spouse, Robert Olafson.

WHEREFORE, the plaintiff, Patricia Olafson, demands judgment be entered against the defendant, Margaret Hamill, in an amount to be ascertained and established, together with interest and costs of this action.

ROBERT OLAFSON and PATRICIA OLAFSON
By their attorney,

*[signature]*

John C. Ottenberg, Esq.  (BBO #380955)
Ottenberg & Dunkless LLP
101 Arch Street
Boston, MA  02110
617-342-8600

Dated:   May 21, 2004

*THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES.*

C:\Office Documents\Gateway\WPfiles\WPFILES\Olafson\Complaint.wpd

## CERTIFICATE OF SERVICE

I, John C. Ottenberg, hereby certify that I served a copy of the within pleadings by first class mail on this date, addressed as follows:

Bruce R. Fox, Esq.
278 Midstate Office Park
Auburn, MA   01501

Signed under the pains and penalties of perjury this 21st day of May, 2004.

*[signature]*
John C. Ottenberg

C:\Office Documents\Gateway\WPfiles\WPFILES\Olafson\CertService.0521.wpd

# OTTENBERG & DUNKLESS LLP

COUNSELLORS AT LAW
101 ARCH STREET, 9th FLOOR
BOSTON, MASSACHUSETTS 02110

**ROBERT C. DUNKLESS**
dunkless@ottenbergdunkless.com

**JOHN C. OTTENBERG**
ottenberg@ottenbergdunkless.com

PHONE (617) 342-8600
FAX   (617) 342-7525

May 21, 2004

Clerk of Court
United States District Court
U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

RE:   *Robert Olafson and Patricia Olafson v.*
      *Kyle E. Byrne, an Entity identified in part as BFI, and Margaret Hamill*
      U.S.D.C. Civil Action No. 04-10158MLW

Dear Sir/Madam:

Enclosed please find First Amended Complaint and Jury Demand, together with Certificate of Service, for filing.

Very truly yours,

John C. Ottenberg

copy:   Bruce R. Fox, Esq.

C:\Office Documents\Gateway\WPfiles\WPFILES\Olafson\ClkCrt.0521.wpd